**UNITED STATES DISTRICT COURT**             **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MARION LAWRENCE BONURA, Individually and as Representative of the Estate of Alicia Bonura, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | CIVIL ACTION NO. 1:07-CV-990 |
| ABC BUS COMPANIES, INC., Individually and d/b/a ABC Companies, ABC TEXAS BUS SALES, INC., Individually and d/b/a ABC Companies, GENERAL COACH AMERICA, INC., THOR INDUSTRIES, INC., FREIGHTLINER, LLC, FREIGHTLINER CUSTOM CHASSIS CORPORATION, FREEDMAN SEATING COMPANY, and JOEL MARTINEZ, | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs' Motion for Rule 41 Voluntary Dismissal Without Prejudice (#49).  Plaintiffs request that the court dismiss their action against Defendants ABC Bus Companies, Inc., ABC Texas Bus Sales, Inc., General Coach America, Inc., Thor Industries, Inc., Freightliner, LLC, Freightliner Custom Chassis Corporation, Freedman Seating Company, and Joel Martinez (collectively, "Defendants") so that they may pursue their claims in state court, avoid duplicative litigation, and avoid potentially inconsistent results.  In support of their motion, Plaintiffs assert that a dismissal will not prejudice Defendants and point out that no counterclaims have been filed and no previous voluntary dismissals have been sought.  Defendants respond that Plaintiffs' state court action has now been removed to this court, thereby undermining Plaintiffs'

grounds for requesting a dismissal.  They further argue that Plaintiffs' motion to dismiss is a blatant attempt to subvert this court's jurisdiction.  Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that dismissal is warranted.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991).  "The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citing *Davis*, 936 F.2d at 199); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601,  604 (5th Cir. 1976)).  Generally, a motion for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit.  *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 317); *Davis*, 936 F.2d at 199; *Manshack*, 915 F.2d at 174.

In evaluating a motion for voluntary dismissal, the court should take into consideration whether an unconditional dismissal will cause the non-movant to suffer legal prejudice.  *See Elboar*, 279 F.3d at 317.  Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94,

97 (9th Cir. 1996); *see also Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).  For example, legal prejudice exists when an affirmative defense, such as the statute of limitations, would be lost. *See United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003) (citing *Elbaor*, 279 F.3d at 318; *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987-88 (5th Cir. 1989)); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178-80 (5th Cir. 1990) (vacating and remanding because non-movant could lose *forum non conveniens* defense).  If the court finds that legal prejudice does not exist, then the motion should be granted.  *See Elbaor*, 279 F.3d at 317.  If, however, the court finds that the motion will cause legal prejudice, then the court may deny the motion or impose conditions that will cure the prejudice.  *See id*. at 317-18.

The following factors are taken into consideration when determining whether a court should deny a Rule 41(a)(2) motion for voluntary dismissal:  (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant.  *See id*. at 318 n.3 (citing *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).  The potential that additional expense may be incurred in relitigating the matter in another forum, or at a later date, is insufficient to support a finding of legal prejudice necessary for denial of a Rule 41(a)(2) motion for voluntary dismissal.  *See Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 318 n.3); *Manshack*, 915 F.2d at 174.

In this instance, Defendants have not made the required showing that they will suffer "plain legal prejudice" as a result of the dismissal.  They have not indicated any particular claim, defense, or choice of law that would be undermined by dismissal without prejudice.  *See*

3

*Westlands Water Dist.*, 100 F.3d at 97.   Indeed, Plaintiffs' second lawsuit, which has been removed to this court and is currently pending before the undersigned, contains all potential parties and claims germane to the incident at issue and appears to be the most efficient vehicle for resolving the underlying dispute.   Although Defendant Freedman Seating Company has filed a motion for summary judgment in the instant case, the efforts expended do not mandate the denial of Plaintiffs' motion because the underlying effort will likely prove useful in the second lawsuit. Thus, granting the motion will not cause Defendants the requisite legal prejudice to preclude dismissal.

Accordingly, Plaintiffs' Motion for Voluntary Dismissal is GRANTED.

SIGNED at Beaumont, Texas, this 24th day of April, 2008.


MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

4